BRIGHTON MANUF'G CO. *v.* FIRE ASS'N OF PHILADELPHIA.

*(Circuit Court, N. D. Illinois. July 25, 1887.)*

1. INSURANCE—CONDITIONS—INCREASE OF RISK.

A policy of insurance contained a clause that if the risk was increased with the knowledge of insured, and without notice to the company, the policy should be void. A manufacturing company stopped work for a few days, cotton being high, and repaired its machinery meantime, whereby no use could be made of a steam-pump and hose connected with the engine, in case of fire. The policy permitted stoppage for repairs. *Held,* that there was no increase of risk by this temporary stoppage; following *Brighton Manuf'g Co.* v. *Reading Fire Ins. Co., ante,* 232.

2. SAME—CONDITIONS—VACANT AND UNOCCUPIED PREMISES.

A policy of insurance provided that if the building insured became vacant and unoccupied without the knowledge and consent of the company the policy should be void. Defendant, a manufacturing company, temporarily stopped work, and repaired its machinery; the night and day watchmen were on duty and the employes were at and about the factory from its closing until it burned. *Held,* that the building was in no sense vacant and unoccupied; following *Brighton Manuf'g Co.* v. *Reading Fire Ins. Co., ante,* 232.

3. SAME—CONDITIONS—CESSATION OF BUSINESS.

A manufacturing company which closes temporarily and repairs its machinery, and is burned down in eight days, cannot be said to have ceased operating so as to avoid a policy of insurance.

At Law. Suit to recover on policy of insurance.

The Brighton Manufacturing Company sued the Fire Association of Philadelphia, to recover for a loss by fire.

*E. W. Russell,* for plaintiff.

*Gary, Cody & Gary* and *Fred'k Ullman,* for defendant.

BLODGETT, J. This is a suit upon a policy by the defendant upon the same property as that covered by the policy in the preceding case; and the facts in the cases are essentially the same. The defenses set up are: (1) That the risk was increased by a change in the occupation of the building, with the knowledge of the assured; (2) that the building was allowed by the plaintiff to become vacant and unoccupied; (3) that, being a manufacturing establishment, it ceased to be operated.

I have sufficiently considered the first two objections in the former case; and will only say in regard to the third and last, that I do not think, under the facts in this case, the factory can be said not to have been operated during the time manufacturing was suspended for eight days preceding the fire; but, if I am wrong in my view as to the meaning and force of the term "ceased to be operated," the plaintiffs certainly had the right to stop temporarily for repairs. There will therefore be a finding for the plaintiff.